UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ANDREW G. MCLEMORE, JR.,

    Plaintiff,

v

    Case No.
    Hon.
    Magistrate Judge

THE BANK OF NEW YORK MELLON, as
Trustee for the Certificateholders CWABS, INC.,
Asset-Backed Certificates, Series 2005-14,
WAYNE COUNTY SHERIFF'S DEPARTMENT,
WARREN EVANS, THE WAYNE COUNTY
BOARD OF COMMISSIONERS, and THE
COUNTY OF WAYNE,

    Defendants.

## NOTICE OF REMOVAL

Defendant The Bank of New York Mellon ("Defendant") hereby removes this action from the Circuit Court for the County of Wayne, State of Michigan, to the United States District Court for the Eastern District of Michigan. In support of removal, Defendant states:

### State Court Action

1.     On July 7, 2010, plaintiff filed an action in Michigan state court against defendant, captioned as *Andrew G. McLemore Jr. v The Bank of New York Mellon, as Trustee for the Certificateholders CWABS, In., Asset-Backed Certificates, Series 2005-14, Wayne County Sheriff's Department, Warren Evans, The Wayne County Board of Commissioners, and The County of Wayne,* Wayne County Circuit Court Case No. 10-007739-CH ("State Court Action").

2.     Defendant received notice of the complaint on July 26, 2010.

## Jurisdiction

3.  In Count V of plaintiff's complaint, plaintiff alleges a cause of action under 42 USC § 1983. Because this claim arises under the laws of the United States, this Court has original jurisdiction under 28 U.S.C. § 1331 and removal is appropriate under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(b).

4.  In the remainder of plaintiff's complaint, plaintiff alleges claims arising under Michigan law. To the extent that these claims are so related to the claim under 42 USC § 1983 as to form the same case and controversy, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) and removal is appropriate under 28 U.S.C. § 1441(a) and (b). To the extent that these claims are separate and distinct from the claim under 42 USC § 1983, removal of this claim is appropriate under 28 U.S.C. § 1441(c).

## Procedural Requirements

5.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as Defendant filed this Notice of Removal within 30 days from the time it received a copy of the initial pleading.

6.  Exhibit A contains copies of all process, pleadings, and orders in the State Court Action that have been served upon or otherwise received by Defendant in accordance with 28 U.S.C. § 1446(a).

7.  Pursuant to 28 U.S.C. § 1446(d), separate copies of this Notice are being sent to plaintiff and filed with the Wayne County Circuit Court in the State Court Action.

8.  Upon information and belief, defendants Wayne County Sheriff's Department, Warren Evans, The Wayne County Board of Commissioners and The County of Wayne have not been served. Thus, its consent is not required. See, Broom v. TRW Credit Data, 732 F. Supp. 66, 69 (E.D. Mich. 1990).

9. The undersigned has read this notice of removal and to the best of the undersigned's knowledge, formed after reasonable inquiry, it is well-grounded in fact, is warranted by existing law and is not interposed for any improper purpose. This notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

BODMAN LLP

By: s/Michelle T. Thomas
    Michelle T. Thomas (P70907)
    6th Floor at Ford Field, 1901 St. Antoine Street
    Detroit, Michigan 48226
    (313) 259-7777
    mthomas@bodmanllp.com

August 23, 2010    Attorneys for Defendant The Bank of New York Mellon

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

and

I hereby certify that on August 23, 2010, I have mailed by United States Postal Service the foregoing paper to the following:

>Horace D. Cotton, Esq.
>2000 Town Center, Suite 1900
>Southfield, MI 48075

BODMAN LLP

By: s/Michelle T. Thomas
    Michelle T. Thomas (P70907)
6th Floor at Ford Field, 1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
mthomas@bodmanllp.com
Attorneys for Defendant The Bank of New York Mellon

| STATE OF MICHIGAN THIRD CIRCUIT COURT | ✗ CHL Loan# 104626503 SUMMONS AND RETURN OF SERVICE | CASE NO. 10-007739-CH |
|---|---|---|



| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT TELEPHONE NO. (313) 224- |
|---|---|

THIS CASE ASSIGNED TO JUDGE: Wendy M. Baxter                Bar Number: 29961

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| MCLEMORE, ANDREW G, Jr. | VS | BANK OF NEW YORK MELLON |

PLAINTIFF'S ATTORNEY

Cotton, Horace D.
(P-33268)
2000 Town Ctr Ste 1900
Southfield, MI 48075-1152
(248) 351-1755

RECEIVED
JUL 28 2010
THE BANK OF N.Y. MELLON
LEGAL DEPT.

| CASE FILING FEE | | JURY FEE | |
|---|---|---|---|
| Paid | | No Jury Demand | |
| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK | |
| 07/07/2010 | 10/06/2010 | Latonya Smith | |

*This summons is invalid unless served on or before its expiration date.   Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☒ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action  ☐ remains   ☐ is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.



Date                    Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement

FORM NO. WC101
REV. (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A
**DEFENDANT**

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

ANDREW G. MCLEMORE JR.,

    Plaintiff,

-vs-

    Case No.

THE BANK OF NEW YORK MELLON, as
Trustee for the Certificateholders CWABS, INC.,
Asset-Backed Certificates, Series 2005-14
WAYNE COUNTY SHERIFF'S DEPARTMENT,
WARREN EVANS,
THE WAYNE COUNTY BOARD OF COMMISSIONERS,
and THE COUNTY OF WAYNE,

    Defendants.

---

Horace D. Cotton (P33268)
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI 48075
(248)-351-1755

---

## VERIFIED COMPLAINT

Plaintiff Andrew G. McLemore Jr., by and through His attorney, Horace D. Cotton states the following for his Complaint against the defendants:

### PARTIES AND JURISDICTION

1.    Plaintiff is an individual residing in the City of Detroit, County of Wayne, State of Michigan.

2.    Defendant The Bank of New York Mellon ("BNY") is a national banking corporation doing business in Wayne County, Michigan.

1

3. This complaint involves title to a parcel of real property (the "Property") commonly known as 1980 Strathcona, Detroit, Michigan 48203 and is legally described as:

Lot 290, Palmer Woods Subdivision, according to the Plat thereof as recorded in Liber 32, Page 16 of Plats, Wayne County Records; Records;

4. Jurisdiction in this Court is proper pursuant to MCL 600.2932 and MCL 600.605.

5. Venue is proper in this Court pursuant to MCL 600.1605 and MCL 600.1621.

## THE BANK OF NEW YORK MELLON

6. Plaintiff purchased the Property on August 16, 2005 with a mortgage from Avantor Capital, LLC. The mortgage and loan was subsequently acquired by BNY.

7. Defendant BNY commenced mortgage foreclosure proceedings against Parcel A by advertisement pursuant MCL 600.3202 et seq. against Plaintiff's property.

8. The Sheriff's sale was conducted on November 25, 2009 and Defendant BNY was the highest bidder at the sale.

9. The Plaintiff does not have an adequate remedy at law, although the issues are largely legal in nature, Plaintiff will suffer irreparable injuries and damages unless granted equitable relief.

## COUNT I
## EQUITABLE RELIEF TO SET ASIDE SHERIFF'S DEEDS

10. Plaintiff restates and incorporates the relevant allegations set forth above by reference as if set out here in full.

11. This is an action to set aside the Sheriffs Deeds relating to Plaintiff's property.

12. The Sheriffs Deeds are defective and should be set aside as null and void.

13. The Sheriff's Deeds are defective for reasons including but not limited to the following:

   a. The Sheriff, Warren C. Evans did not sign the Appointment of Deputy Sheriff;
   b. The Sheriff, Warren C. Evans did not authorize the Appointment of Deputy Sheriff
   c. The Appointment of Deputy Sheriff was not "filed" with the Clerk of Wayne County;
   d. The Appointment of Deputy Sheriff was not "recorded" with the Clerk of Wayne County;
   e. The Appointed Deputy Sheriff was not administered the Oath of Office;
   f. The Appointed Deputy Sheriff did not post the statutory bond as required by law;
   g. The Sheriffs Sales was not conducted at the time and place stated in the Sheriffs Deed that was subsequently recorded with the Wayne County Register of Deeds.

14. For the foregoing reasons, any and all claims, rights, titles, or interests in the subject properties, were wrongfully conveyed and transferred to Defendant Banks.

15. Plaintiff remains as the true fee owner of the subject property and the legal and equitable owner in fee simple and, as such, is entitled to have title to the subject property restored and returned to him as the true and legal owner.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an order as follows:

a) That the sheriff's deeds be held to be null and void and that the Court adjudge that fee simple title to the subject property be granted to Plaintiff.

b) That all right, title and interest of Plaintiff and those parties claiming by, through, under or against said Plaintiff be forever quieted and confirmed in Plaintiff;

c) Awarding such other and further relief as is deemed just and equitable beginning with the return of the real property.

## COUNT II
## FRAUD

16. Plaintiff restates and incorporates the relevant allegations set forth above by reference as if set out here in full.

17. The above referenced Sheriff's Sales should be set aside and the Sheriff's Deeds should be rescinded for the reason that the underlying mortgage interest foreclosed upon by the Sheriff was invalid, insofar as said representatives of the Sheriffs dept were not duly sworn as Deputy Sheriffs as required by law.

18. The Sheriff's Deeds in question have been deliberately falsified by the Defendants and others to give the appearance that the statutory requirements for a foreclosure sale have been met.

19. Various Michigan statutes, including, but not limited to, MCL §51.70, 51.73, 600.3216, have been intentionally disregarded and violated and third parties have relied upon the material false representations thereby resulting in the Plaintiff being dispossessed from his real property illegally.

20. Plaintiff has suffered damages as a direct result of the actions and conduct of the Defendants and its agents.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally in an amount including compensatory damages in excess of $25,000.00 together with attorneys' fees, costs, and interest.

## COUNT III
## VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

21. Plaintiff restates and incorporate the relevant allegations set forth above by reference as if set out here in full.

22. Defendants and its representatives deliberately misrepresented the legal capacity of the individuals conducting the applicable Sheriff's Sales, knowing full well that they were not authorized to conduct mortgage foreclosure sales in the State of Michigan.

23. Defendants have engaged in violations of MCL §445.903(1)(n),(s),(bb), and (cc).

24. Defendants' actions were unfair, unconscionable and deceptive, and a failure to reveal a material fact.

25. Defendants' unfair, unconscionable and deceptive statements caused a probability of confusion or misunderstanding as to Plaintiffs' legal rights, remedies, and obligations.

26. Under the terms of Michigan's Consumer Protection Act, a person damaged by unfair, unconscionable and deceptive practices may seek to enjoin an unlawful act and may also seek damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally in an amount including compensatory damages in excess of $25,000.00 together with attorneys' fees, costs, and interest.

5

## COUNT IV
## GROSS NEGLIGENCE

27. Plaintiff restates and incorporates the relevant allegations set forth above by reference as if set out here in full.

28. Defendants under the color of law, did conduct the Sheriff's Sale and is responsible for plaintiff being wrongfully evicted from the quiet enjoyment of his real property.

29. Defendants had a statutory duty as well as a common law duty to insure that Michigan Foreclosure Statutes were complied with in all respects.

30. Defendants in derogation of said duties, knowingly and maliciously allowed the Sheriff's Sale to be conducted by persons that had not been properly appointed.

31. Defendants were grossly negligent in allowing said Sheriffs Sale to be conducted in violation of MCL §600.3216.

32. Defendants were complicit in their actions in conducting Sheriffs Sales illegally and wrongfully thereby constituting the proximate cause of significant and continuing damages to the Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally in an amount including compensatory damages in excess of $25,000.00 together with attorneys' fees, costs, and interest.

## COUNT V- DENIAL OF DUE PROCESS!
## TAKING WITHOUT JUST COMPENSATION
## 42 USC §1983

6

33. Plaintiff restates and incorporates the relevant allegations set forth above by reference as if set out here in full.

34. Defendants as described herein have violated the Plaintiff's inalienable rights to peaceably possess real property located within the State of Michigan.

35. Defendants have violated 42 USC §1983[1] and Amendments IV, V, and XIV of the United States Constitution that provide as follows:

### Amendment IV

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

### Amendment V

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

---

[1] 42 USC §1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

7

**Amendment XIV**

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

46. As a direct and proximate result of the violations identified above, Plaintiff has suffered permanent and continuing damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally in an amount including compensatory damages in excess of $25,000.00 together with treble damages, attorneys' fees, costs, and interest.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court grant the following relief

- A. Retrain and enjoin Defendants, their agents, attorneys, assigns and any persons claiming through it from doing any act to interfere with Plaintiff's possession and enjoyment of the Property, including initiating or continuing any eviction proceedings with respect to the Property.

- B. Restrain and enjoin Defendants, their agents, attorneys, assigns and any persons claiming through it from doing any act to interfere with Plaintiff possession and enjoyment of the Property.

- C. Quiet title in the Property to Plaintiff pursuant to MCL § 600.2932;

- D Declare that Plaintiff has no obligation to reimburse Defendants for any taxes, payments or other expenses they have incurred in

8

    connection with the fraudulent conveyance and the mortgage based on the fraudulent conveyance;

E. A judgment against Defendants jointly and severally for damages suffered by plaintiff as a result of the conduct by Defendants;

F. Order that the sheriff's deed is void;

G. Grant other relief as the Court deems equitable and proper and;

H. Award Plaintiff whatever amount to which he is found to be entitled, together with actual costs, including attorney fees incurred in bringing this action.

Dated: July 1, 2010

              Respectfully submitted,

              HORACE D. COTTON (P-33268)
              Attorney for Plaintiff
              2000 Town Center, Suite 1900
              Southfield, MI 48075
              (248) 351-1755

I declare that the statements contained above are true to the best of my knowledge, information and belief.

Dated: July 1, 2010              ANDREW G. MCLEMORE JR.

Subscribed and sworn to before me
On this 1st day of July, 2010

9

_____
Notary Public, Wayne County
My commission expires:

PHYLIS E. OSBORNE
Notary Public, State of Michigan
County of Wayne
My Commission Expires 11-08-2012
Acting in the county of _____

10

MCLEMORE, ANDREW G, Jr. v BANK OF
Hon. Wendy M. Baxter                07/07/2010
10-007739-CH

MCLEMORE, ANDREW G, Jr. v BANK OF
Hon. Wendy M. Baxter                07/07/2010
10-007739-CH

MCLEMORE, ANDREW G, Jr. v BANK OF
Hon. Wendy M. Baxter                07/07/2010
10-007739-CH

MCLEMORE, ANDREW G, Jr. v BANK OF
Hon. Wendy M. Baxter                07/07/2010
10-007739-CH

MCLEMORE, ANDREW G, Jr. v BANK OF
Hon. Wendy M. Baxter                07/07/2010
10-007739-CH

MCLEMORE, ANDREW G, Jr. v BANK OF
Hon. Wendy M. Baxter                07/07/2010
10-007739-CH

